LAW LIBRARY

FILED
SUPERIOR COURT
OF GUAM
2014 JAN -9
CLERK OF COURT
BY:

## IN THE SUPERIOR COURT OF GUAM

HENRY N. REYES,

    Plaintiff,

vs.

SOFIA B. OROPESA,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)

DOMESTIC CASE NO. DM0834-10

DECISION AND ORDER: Defendant's Motion to Modify Child Custody; In re Contempt; and Motion for Production of Documents

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Defendant Sofia B. Oropesa's Motion to Modify Child Custody; In Re Contempt; and Motion for Production of Documents on October 17, 2013. Defendant appeared pro se. Plaintiff Henry N. Reyes was represented by Attorney Ronald P. Moroni. Following the hearing, the Court took the matter under advisement. Upon review of the evidence, written arguments, and legal authorities presented by both parties, the Court hereby issues this Decision and Order DENYING the Defendant's Motion to Modify Custody and Motion to Hold Plaintiff in Contempt of Court, and GRANTING Defendant's Motion for Production of Documents.

## BACKGROUND

This matter arises from a Complaint for Dissolution of Marriage filed on December 20, 2010. Bench trial commenced on December 15, 2011 and continued on December 21, 2011 and December 22, 2011. Final arguments were scheduled for January 24, 2012, and continued on February 15, 2012 and February 23, 2012. Defendant was represented by Attorney Ryan F. Kaiser at the commencement of this instant case through bench trial. On April 9, 2012, the

**ORIGINAL**

Court issued its Findings of Fact and Conclusions of Law, granting the divorce based on irreconcilable differences. To date, Defendant refuses to sign Interlocutory Judgment of Divorce and Final Divorce Decree.

## DISCUSSION

Motion to Modify Child Custody

Defendant moves the Court to modify child custody in the above entitled case. Defendant argues, *inter alia*, that Plaintiff failed to exercise physical custody rights. Defendant specifically argues that Plaintiff has been separated from his son since April 2011. See Def's. Mot. to Modify Child Custody at 1 (Aug. 20, 2013). Defendant further argues that she was deprived of housing allowance for her son as well as access to a military installation. Therefore, Defendant argues that Plaintiff's "mindset and decision has shown that he is unfit to be a parent." Id. at 1-2.

At the motion hearing held on October 17, 2013, Plaintiff's counsel informed the Court that the issue of custody and visitation has already been all worked out. Transcript JDAASCRA (10/17/2013) at 10:15:14. As a result, Plaintiff was to immediately exercise visitation and the child is to be returned back to his mother on January 22, 2014. The Court is satisfied having reviewed the matter that Plaintiff has exercised his visitation rights. Accordingly, the Motion to Modify Child Custody is **DENIED**. The Court's prior Orders relative to custody and visitation arrangements will remain in effect.

Motion to Hold Plaintiff in Contempt of Court

Defendant also moves the Court to hold Plaintiff in contempt of Court. Defendant argues that Plaintiff has not complied with the Court's prior Order. Defendant cites to the

DM0834-10: Reyes v. Oropesa                      Page 2 of 3
Defendant's Motions to Modify Cusotdy; In Re Contempt; and Production of Documents

Court's February 28, 2011 Order where the Court ordered the Plaintiff to provide Defendant with a Letter of Agency permitting her to obtain military benefits on behalf of their minor child.

Guam law provides that "[d]isobedience of any lawful judgment, order, or process of the court;" is deemed contempt of court pursuant to Title 7 GCA § 34101(a)(5). The Court having considered the matter on file herein and deeming itself fully advised, DENIES Defendant's Motion to Hold Plaintiff in Contempt. The Court also reviewed a similar motion filed by the Defendant following the October 17, 2013, and does not find the alleged actions to rise to contempt of Court. Accordingly, Defendant's October 22, 2013 motion is DENIED.

Motion for Production of Documents

On August 20, 2013, Defendant filed a request for production of documents. Defendant relies on the Court's earlier granting that Plaintiff provide her with certain documents in support of her Motion to Set Aside Interlocutory Divorce Decree. At the motion hearing, it was brought to this Court's attention that most of the documents have already been provided to Defendant. The problem stemmed from Defendant's inability to retrieve the documents via electronic format. Therefore, the Court having considered the matter on file herein and deeming itself fully advised, **GRANTS** her request, however, finds that most if not all the requested documents have already been provided to her.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court issues its Decision consistent with this Order herein.

Further proceedings is scheduled for __2/11/14__ at __9a.m.__

**SO ORDERED** this __9__ day of __Jan__, 2014.

JAN 9 2014

I acknowledge that a copy of the
[illegible] al hereto was placed [illegible] the
[illegible] of:

R. MORONI

JAN - 9 2014 Time: 1020 am

Deputy Clerk, Superior Court of Guam

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam